AMERICAN TELEPHONE AND TELEGRAPH COMPANY AND WESTERN ELECTRIC CO., INC. v. J. M. GRIFFIN, T/A GRIFFIN TRANSFER AND STORAGE COMPANY AND GRIFFIN TRANSFER AND STORAGE COMPANY, INC.

No. 7825SC338

(Filed 20 February 1979)

**Rules of Civil Procedure § 37— failure to make discovery—sanctions**

In this action to recover damages for the destruction by fire of equipment stored in defendant's warehouse, the trial court properly held plaintiffs in contempt and imposed sanctions pursuant to G.S. 1A-1, Rule 37(b)(2)e for failure to comply with an order compelling discovery where the court ordered plaintiffs to disclose whether a "standard fire insurance policy with a standard extended coverage" was in effect at the time of the alleged loss, plaintiffs answered that they had no knowledge of "any standard fire insurance policy with a standard extended coverage" in effect at the time of the loss, and, in answer to a further interrogatory as to whether plaintiffs had any insurance covering the lost equipment, plaintiffs thereafter disclosed that five policies affording "all risks" coverage for the equipment were in effect on the date of the loss and that $15,560 had been paid under those policies.

APPEAL by plaintiffs from *Ferrell, Judge.* Orders entered 15 September 1977 and 14 November 1977 in Superior Court, CALDWELL County. Heard in the Court of Appeals on 18 January 1979.

This is an appeal from Orders finding the plaintiffs in contempt and imposing sanctions pursuant to G.S. § 1A-1, Rule 37(b)(2)e for plaintiffs' failure to comply with an Order compelling discovery. After a hearing on defendant's motion to show cause why plaintiffs should not be held in contempt and for imposition of sanctions, Judge Forrest A. Ferrell, in an Order entered on 15 September 1977, made findings of fact which, except where quoted, are summarized below:

On 21 November 1974, plaintiffs instituted an action to recover $25,560.68 in damages for the destruction of certain equipment as a result of a fire at defendant's warehouse. The equipment had been stored at the warehouse pursuant to a written warehousing contract. Article II, paragraph 4(a) of the contract provides in part: "The Contractor as a warehouseman, however, shall not be liable for any loss, damage or other delay to material by fire or other hazards insurable under a standard fire insurance policy with standard extended coverage." On 6 June 1975, defendants filed their "First Set of Interrogatories" which contained the following question:

> State whether or not there is in existence any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or any part of the loss sustained by the plaintiff arising out of the facts and circumstances alleged in the complaint, or is there in existence any agreement under which any person carrying on an insurance business may be liable to satisfy all or any part of a judgment which may be entered in this action in favor of the plaintiff against the defendant.

Defendant also requested copies of any such insurance policies.

On 12 June 1975, plaintiffs filed objections to these interrogatories on the grounds that "the information requested . . . is not of the kind or nature which can properly be discovered under Rule 26(b) of [the Rules of] Civil Procedure, and furthermore, such requested information, and all of it, would be improper, inadmissible, and prejudicial to the rights of plaintiffs."

On 29 January 1976, Judge Robert W. Kirby, after a hearing, entered an Order providing in part "that said objections should be allowed and that plaintiffs should not be required to answer interrogatories as submitted." Judge Kirby's Order further provided, however, "that the plaintiffs be required and are here required to disclose whether or not a standard fire insurance policy with a standard extended coverage was in full force and effect at the time of the alleged loss and to disclose the name of any such insurance carriers."

On 23 April 1976, plaintiffs filed "Answer to Order and Interrogatories Submitted by Defendant" which stated: "Plaintiffs have no knowledge of any standard fire insurance policy with a standard extended coverage in force and effect at the time of the alleged loss, unless same was issued to defendants or one of said defendants." This answer "was signed for plaintiffs by J. R. Todd, Attorney, and was verified by Albert F. Martin, 'Mgr. Corp. Insurance of American Telephone & Telegraph Co. and/or Western Electric Co., Inc.' verifying that such answer was true to the best of his knowledge and belief."

On 14 July 1976 defendants filed a "Second Set of Interrogatories" to which plaintiffs again objected on the grounds that "said interrogatories are irrelevant, and immaterial, and prejudicial to the rights of plaintiff." On 11 February 1977, Judge Kirby entered an Order requiring the plaintiffs to answer certain of the interrogatories, among which was: "State whether plaintiffs, on May 9, 1972 had *any* insurance covering the equipment plaintiffs contended was lost by fire on that date." Plaintiffs' response was: "Yes, subject to a $10,000.00 deductible." Plaintiffs further answered that in March and April of 1973, $15,560.86 had been paid to them by five separate insurance companies and attached copies of certain insurance policies to their answers to the interrogatories. The policies attached were "entitled as follows: (a) for Highland Insurance Company, a 'scheduled Property Floater Policy,' (b) for Great American Insurance Companies, an 'inland marine policy,' (c) for St. Paul Fire & Marine Insurance Co., Continental Insurance Co., and United States Fire Insurance Co., a 'Joint Policy of Insurance.'" Each of these policies "extends 'coverage' against all risks or physical loss and/or damage from any cause whatsoever to plaintiffs' property whether in transit or temporarily at a location awaiting installation." The existence "of

insurance coverage to the plaintiffs [for loss] as a result of fire on the occasion complained of, is material evidence in the trial of this action, as it may be a complete or partial defense to the right, if any, of plaintiffs to recover of defendants."

Based on the above findings of fact, Judge Ferrell made conclusions of law, the pertinent portions of which are quoted below:

3. On January 29, 1976, the Order of Judge Kirby required plaintiffs to provide information as to whether a "standard fire insurance policy with a standard extended coverage was in full force and effect."

4. In light of the admissions of plaintiffs filed April 23, 1976, the court concludes that the Answer and Response of plaintiffs dated March 10, 1976, to the Order of Judge Kirby was a failure to comply with the Order of the Court, in that the answer provided was either evasive or incomplete, and thus a failure to answer as per Rule 37 a (3); or simply a failure to answer directly.

5. The fact that the coverage afforded by the policies was an "all risks" coverage does not mean that plaintiffs may be permitted to avoid affording the information requested simply because the policies were not called, named, denominated, or entitled "standard fire insurance policies with standard extended coverage." . . .

6. The defendants were entitled to know whether there was coverage, provided by insurance, for loss by fire to plaintiffs' property on the occasion complained of, and the attempt by the plaintiffs to rest upon a procedural technicality or upon semantics or upon any other cause in their failure to properly and fully respond, was in bad faith and calculated and designed not to afford the defendants material evidence which may reasonably go to the merits of their defense to a portion or the whole of plaintiffs' claim.

7. Further, the court concludes that the failure of the plaintiffs to provide the Answer, if not contemptuous, was at least a violation of the spirit of the Rules of Civil Procedure. Whether [the policies revealed in response to Judge Kirby's second Order] in law apply to this litigation is a question for the court and not for the plaintiffs to determine; and the

policy or policies are an element of the dispute between the parties that cannot be determined on the merits without their disclosure, and unless their existence is known.

8. Further, the court concludes that the failure to answer the Order of Judge Kirby was not by reason of inability to comply, but was rather, a willful failure to comply.

Judge Ferrell then ordered that plaintiffs be sanctioned pursuant to Rule 37(b)(2)e, the extent of which "shall be that the plaintiffs are required to pay the defendants the reasonable expenses, including attorney's fees, caused by the plaintiffs' failure to comply with the Order of Judge Kirby dated January 29, 1976." An Order fixing the exact amount of the sanctions imposed was entered on 14 November 1977. Plaintiffs appealed.

*Townsend, Todd and Vanderbloemen, by J. R. Todd, Jr., for plaintiff appellants.*

*Wayne W. Martin for defendant appellees.*

HEDRICK, Judge.

The assignments of error brought forward and argued in plaintiffs' brief are all based on a single exception to the Order entered 15 September 1977 finding plaintiffs in contempt and imposing sanctions. Such a broadside exception does not present for review the sufficiency of the evidence to support the findings of fact but presents only the question whether the facts found or admitted support the conclusions of law and the judgment. *MacKay v. McIntosh,* 270 N.C. 69, 153 S.E. 2d 800 (1967); *Johnson v. Johnson,* 17 N.C. App. 398, 194 S.E. 2d 562 (1973); 1 Strong's N.C. Index, *Appeal and Error* § 28 (3d Ed. 1976).

The question thus presented in this appeal is whether the facts found by Judge Ferrell support the judgment holding plaintiffs in contempt and imposing sanctions pursuant to Rule 37(b)(2)e, which provides:

Sanctions by Court in which Action is Pending.—If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule

35, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . .

> e . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The facts found by Judge Ferrell clearly demonstrate that plaintiffs violated at least the spirit of Judge Kirby's first Order when they responded that they had "no knowledge of any standard fire insurance policy with a standard extended coverage." The findings reveal that a genuine issue of fact existed with regard to whether the property involved in plaintiffs' claim was covered by fire insurance. Whether the existence of such insurance would be a defense to plaintiffs' claim could only be determined at trial. By denying the existence of "standard fire insurance with standard extended coverage" the plaintiffs unilaterally determined a question that could only be determined by the trial court. As Judge Ferrell aptly stated in his 15 September 1977 Order:

> Whether or not the policy or policies [of insurance revealed in response to Judge Kirby's second Order] in law apply to this litigation is a question for the court and not for the plaintiffs to determine; and the policy or policies are an element of the dispute between the parties that cannot be determined on the merits without their disclosure, and unless their existence is known.

One of the primary purposes of the discovery rules is to facilitate the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 987, 2 L.Ed. 2d 1077, 1082 (1958); *Hickman v. Taylor*, 329 U.S. 495, 500-501, 67 S.Ct. 385, 388, 91 L.Ed. 451, 457 (1947); 4 Moore's Federal Practice ¶ 26.02[1](2d Ed.

1978); 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2001 (1970). "Emphasis in the new rules is not on gamesmanship, but on expeditious handling of factual information before trial so that the critical issues may be presented at trial unencumbered by unnecessary or specious issues and so that evidence at trial may flow smoothly and objections and other interruptions be minimized." *Willis v. Duke Power Co.*, 291 N.C. 19, 34, 229 S.E. 2d 191, 200 (1976).

When viewed in light of the purposes of discovery, plaintiffs' refusal to disclose the existence of the insurance policies cannot be justified. Plaintiffs nowhere attempt to argue that the policies in question are not relevant or material to the resolution of a key issue in the case. To permit a party to refuse to disclose relevant factual information in this type of situation would serve to reinject the "sporting element" into trials and would utterly defeat the puposes for which the new discovery rules were enacted.

Finally, we note the discovery rules "should be constructed liberally" so as to substantially accomplish their purposes. *Willis v. Duke Power Co.*, 291 N.C. at 34, 229 S.E. 2d at 200. The administration of these rules lies necessarily within the province of the trial courts; Rule 37 allowing the trial court to impose sanctions is flexible, and a "broad discretion must be given to the trial judge with regard to sanctions." 8   Wright & Miller, *Federal Practice and Procedure: Civil* § 2284, at 765 (1970). *See also* 4A Moore's Federal Practice, ¶ 37.03 [2.-7](2d Ed. 1978).

We conclude that Judge Ferrell's findings of fact support the conclusions of law, and the Orders imposing sanctions are affirmed.

Affirmed.

Judges VAUGHN and CLARK concur.