ROBERT T. CARPENTER v. GEORGE H. COOKE, ADMINISTRATOR CTA OF THE ESTATE OF JUAN C. COOKE, DECEASED; EDITH ANN CARPENTER v. GEORGE H. COOKE, ADMINISTRATOR CTA OF THE ESTATE OF JUAN C. COOKE, DECEASED

No. 8114SC1036

(Filed 20 July 1982)

**Rules of Civil Procedure § 37— failure to make discovery—dismissal of actions—proper**

The trial court did not err in dismissing plaintiffs' actions against the administrator of an estate for failure to comply with its order to compel discovery since (1) under G.S. 1A-1, Rules 37 and 41(b) the trial court had the authority to dismiss plaintiffs' claims for noncompliance with its order compelling discovery, and (2) plaintiffs' evasive and incomplete answers to interrogatories could not be justified since nowhere did they attempt to argue that the disputed questions were not relevant or material to the resolution of a key issue in the case and they did not offer any justifiable excuse for failure to comply with the discovery order.

APPEAL by plaintiffs from *Braswell, Judge.* Judgment entered 15 June 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 May 1982.

Juan C. Cooke died testate in October, 1976, and George H. Cooke duly qualified as her administrator CTA. On 1 August 1977, plaintiffs filed these actions against the administrator CTA seeking recovery for personal services allegedly performed for decedent since 1954. A copy of a "claim notice" was attached to each of the original complaints, the claim of Robert T. Carpenter purporting to itemize by date, nature and amounts the various elements of his alleged cause of action. Defendant counterclaimed against the plaintiff Robert T. Carpenter, and default judgment was rendered on the counterclaims for failure of a reply, which default judgment later was vacated.

By permission of the Court, each plaintiff filed an amended complaint, to which no "claim notice" or other itemization was attached. In the case of Robert T. Carpenter, the "claim notice" attached to his original complaint had itemized claims subtotalling $7,200.00, $7,386.60 and $976.60, for a total of $15,563.20, but his original complaint alleges that he had filed a claim for $8,363.20, and prayed for judgment of $15,863.20; while his amended complaint, without itemization or claim notice, prayed for judgment of $15,000.00. In the case of Edith Ann Carpenter, her "claim notice"

and original complaint claimed $7,200.00, while her amended complaint without itemization or claim notice, prayed for judgment of $15,000.00. Defendant answered each of the amended complaints denying the material allegations and raising affirmative defenses including payment, statutes of limitation and the statute of frauds. Counterclaims were filed against the plaintiff Robert T. Carpenter.

Defendant served interrogatories on each plaintiff, and thereafter each plaintiff served interrogatories on the defendant. Defendant in apt time answered all of the interrogatories of both plaintiffs. Plaintiffs failed to answer any of defendant's interrogatories within the time allowed. An order compelling discovery was entered by D. B. Herring, Jr., Judge Presiding, which found the plaintiffs' failure unjustified and ordered plaintiffs' actions to be dismissed unless the interrogatories were answered by 28 April 1981. On 28 April 1981 plaintiffs served some answers to interrogatories. On 8 May 1981, defendant served a motion to dismiss, to compel discovery and for expenses of motion; and on 19 May 1981, plaintiffs served some supplemental answers to defendant's interrogatories. Defendant's motions to dismiss, to compel discovery and for expenses of motion were calendared for hearing by request of defendant's counsel dated and served on 8 May 1981, and came on for hearing before E. Maurice Braswell, Judge Presiding, at the regular call of the calendar on 2 June 1981.

Judge Braswell, making findings of fact and conclusions of law, entered an order dismissing plaintiffs' actions for failure to comply with the discovery order. From this judgment, plaintiffs appealed.

*Richard N. Weintraub for the plaintiff-appellants.*

*Roger S. Upchurch for the defendant-appellee.*

MARTIN (Robert M.), Judge.

The determinative issue on appeal is whether the trial court properly dismissed plaintiffs' action for failure to comply with its order to compel discovery. We uphold the decision of the trial court.

Rule 37, N.C. Rules of Civ. Proc., provides for sanctions for failure to make discovery. Rule 37(a)(3) states that "[f]or the pur-

poses of this subdivision an evasive or incomplete answer is to be treated as a failure to answer." Rule 37(b) provides as follows:

>   (b) Failure to comply with order.—
>
>>   (1) * * *
>>
>>   (2) Sanctions by Court in Which Action is Pending.—If a party . . . fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule 35, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>>
>>>   A. * * *
>>>
>>>   B. * * *
>>>
>>>   C. An order . . . dismissing the action or proceeding or any part thereof, . . . .;
>>
>   (c) * * *
>
>   (d) . . . If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33 after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule.

Rule 41(b), N.C. Rules of Civ. Proc., states that for "failure of the plaintiff . . . to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him." Clearly the trial court had the authority to dismiss plaintiffs' claims for noncompliance with its order compelling discovery. *See Laing v. Loan Co.*, 46 N.C. App. 67, 264 S.E. 2d 381, *disc. rev. denied,* 300 N.C. 557 (1980).

The next question is whether the facts found by Judge Braswell support the judgment dismissing plaintiffs' complaint pursuant to Rule 37(b), N.C. Rules of Civ. Proc. Judge Braswell

considered both the original answers and the supplemental answers filed by plaintiffs in determining that the answers to numbers 8 and 11(a) were "unresponsive, incomplete and evasive and are deemed to be no answer under Rule 37(a)(3), N.C. Rules of Civil Procedure." These interrogatories were needed to establish the applicability of various statutes of limitations by ascertaining whether plaintiffs were bringing their actions on the claim filed with decedent's administrator CTA, or whether that claim was repudiated by omission from the amended complaint which did not seek the same relief. Interrogatories numbers 8 and 11(a) sought to elicit an itemization by dates, nature and amounts of the actions alleged by plaintiffs, and to determine if those dates and amounts correspond to the itemization of the "claim notice" referred to by plaintiffs. These answers were crucial to the defense's preparation in identifying claims that could be barred by the applicable statute of limitations. From plaintiffs' answers it was impossible to determine on which claim they were bringing their action.

One of the primary purposes of the discovery rules is to facilitate the disclosure prior to trial of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 2 L.Ed. 2d 1077 (1958); *Hickman v. Taylor*, 329 U.S. 495, 91 L.Ed. 451 (1947); 4 Moore's Federal Practice ¶ 26.02[1] (2d Ed. 1982); 8 Wright & Miller, Federal Practice and Procedure: Civil § 2001 (1970). "Emphasis in the new rules is not on gamesmanship, but on expeditious handling of factual information before trial so that the critical issues may be presented at trial unencumbered by unnecessary or specious issues and so that evidence at trial may flow smoothly and objections and other interruptions be minimized." *Willis v. Power Co.*, 291 N.C. 19, 34, 229 S.E. 2d 191, 200 (1976).

When viewed in light of the purposes of discovery, plaintiffs' evasive and incomplete answers cannot be justified. Plaintiffs nowhere attempt to argue that the disputed questions were not relevant or material to the resolution of a key issue in this case. Nor do they offer any justifiable excuse for failure to comply with the discovery order. *See, Telegraph Co. v. Griffin*, 39 N.C. App. 721, 251 S.E. 2d 885, *disc. rev. denied*, 297 N.C. 304 (1979).

Our courts have held that "the discovery rules 'should be construed liberally' so as to substantially accomplish their purposes." *Telegraph Co.* supra at 727, 251 S.E. 2d 888. See also *Willis, supra.* The administration of these rules lies necessarily within the province of the trial courts; Rule 37 allowing the trial court to impose sanctions is flexible, and " 'broad discretion must be given to the trial judge with regard to sanctions.' 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2284 at 765 (1970). *See also* 4A Moore's Federal Practice, ¶ 37.03 [2.7] (2d Ed. 1978)." *Telegraph Co. v. Griffin, supra.*

We find that the sanctions imposed by the trial court were proper. The judgment of the trial court is

Affirmed.

Judges VAUGHN and ARNOLD concur.