DEBRA ANNE KARP v. UNIVERSITY OF NORTH CAROLINA

No. 8710IC475

(Filed 22 December 1987)

**Attorneys at Law § 7.5— Tort Claims Act—attorney's fees—authority of Industrial Commission to award**

The Industrial Commission has the authority to award attorney's fees pursuant to N.C.G.S. § 6-21.1 for actions brought under the N.C. Tort Claims Act; the Industrial Commission is considered a court for the purpose of hearing and passing upon tort claims under N.C.G.S. § 143-291, and N.C.G.S. § 143-291.1 expressly authorizes the Industrial Commission to tax costs against the loser in the same manner as costs are taxed in civil actions.

APPEAL by defendant from the Opinion and Award of the North Carolina Industrial Commission filed 26 March 1987. Heard in the Court of Appeals 18 November 1987.

This appeal arises out of a personal injury action brought under the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 *et seq.* (1983) and heard before the Industrial Commission 7 May 1986. After finding in plaintiff's favor by Decision and Order dated 6 June 1986, the deputy commissioner entered an Order dated 25 November 1986 directing defendant to pay attorney's fees as provided under N.C. Gen. Stat. § 6-21.1 (1986) and N.C. Gen. Stat. § 143-291.1 (1983). Defendant appealed the award of attorney's fees to the Full Commission which by Order dated 26 March 1987 affirmed, with one dissent, the deputy commissioner's award of attorney's fees. From this decision, defendant appeals.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by G. Nicholas Herman, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Randy Meares, for defendant-appellant.*

WELLS, Judge.

The sole question for review is whether the Industrial Commission has jurisdiction to award attorney's fees pursuant to N.C. Gen. Stat. § 6-21.1 for actions brought under the N.C. Tort Claims Act. We hold that it does.

Defendant contends that G.S. § 6-21.1 does not extend to the adjudicatory bodies of administrative agencies such as the Industrial Commission and therefore cannot provide the Commission with the authority to award attorney's fees.

G.S. § 6-21.1 provides in pertinent part:

In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the Court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, . . . the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant. . . .

Defendant contends that the Industrial Commission is neither a "court" nor does a deputy commissioner constitute a "presiding judge" within the meaning of G.S. § 6-21.1 and therefore cannot be brought under the terms of the statute. We disagree.

Defendant correctly points out that the Tort Claims Act must be strictly construed as it stands in derogation of the common law rule of sovereign immunity, *Etheridge v. Graham, Comr. of Agriculture*, 14 N.C. App. 551, 188 S.E. 2d 551 (1972) and that the Commission is a court of limited jurisdiction having only those powers conferred upon it by statute. *Bryant v. Dougherty*, 267 N.C. 545, 148 S.E. 2d 548 (1966). However, defendant's reliance on *Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E. 2d 378 (1967) to support its argument that a deputy commissioner is not a presiding judge is misplaced. The *Bowman* Court held that "there was no provision in the Workmen's Compensation Act for presiding judges" and analyzed the application of G.S. § 6-21.1 on the basis of the specialized types of cases arising under the Workmen's Compensation Act. The *Bowman* Court did not construe N.C. Gen. Stat. § 143-291 which provides that the Industrial Commission is considered "a court for the purpose of hearing and passing upon tort claims . . ." and N.C. Gen. Stat. § 143-291.1 (1983) which expressly authorizes the Industrial Commission, upon an order awarding damages "to tax the costs against the loser in the same manner as costs are taxed by the superior court in civil actions."

Taken together these statutes make clear that the Industrial Commission has jurisdiction and authority to award attorney's fees in a Tort Claims Act case. The decision of the Full Commission affirming the deputy commissioner's award of attorney's fees to plaintiff is hereby

Affirmed.

Judges JOHNSON and COZORT concur.