MICHAEL LEWIS WILLIAMS v. NORTH CAROLINA DEPARTMENT OF CORRECTION

No. 9410IC633

(Filed 3 October 1995)

**1. Discovery and Depositions § 62 (NCI4th)— motion for sanctions denied—improper factors considered**

In denying plaintiff's motion for sanctions, the Industrial Commission erred in considering as factors that representation for both parties was publicly funded; plaintiff did not personally incur any additional expense associated with his motion to compel discovery; and such "tactics" were remarkably out of character for the office of defendant's counsel.

**Am Jur 2d, Depositions and Discovery §§ 357, 359, 365, 366, 369, 395.**

**2. Discovery and Depositions § 62 (NCI4th)— compliance with discovery order—remand for determination**

The record did not present sufficient evidence to conclude with certainty that defendant failed to provide plaintiff with the specific documents required by the deputy commissioner's dis-

WILLIAMS v. N.C. DEPT. OF CORRECTION

[120 N.C. App. 356 (1995)]

covery order. Should the Commission determine upon further proceedings that defendant failed to comply with the order, N.C.G.S. § 1A-1, Rule 37(b)(2) requires that defendant be ordered to pay plaintiff's reasonable expenses, including attorney's fees, unless the Commission finds the failure was substantially justified or that other circumstances make an award of expenses unjust.

**Am Jur 2d, Depositions and Discovery §§ 361, 365, 376-378.**

**3. Discovery and Depositions § 64 (NCI4th)— counsel's certification of interrogatories—violation of Rule 26(g)—remand for determination**

This case is remanded for a determination as to whether defense counsel's certification of responses to interrogatories violated N.C.G.S. § 1A-1, Rule 26(g), and, if so, for the imposition of appropriate sanctions.

**Am Jur 2d, Depositions and Discovery §§ 376-378, 386.**

Appeal by plaintiff from the decision and order of the Industrial Commission entered 17 March 1994. Heard in the Court of Appeals 2 March 1995.

*N.C. Prisoner Legal Services, Inc., by Richard E. Giroux, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General E. H. Bunting, Jr., for defendant-appellee.*

McGEE, Judge.

On 12 March 1991 plaintiff Michael Williams, an inmate in Central Prison, was stabbed multiple times by another inmate, Curtis Webber. Plaintiff filed a claim for damages pursuant to N. C. Gen. Stat. § 143-291 Tort Claims Act against defendant Department of Correction (hereinafter DOC) alleging negligence and claiming that the DOC employee on duty that day did not follow policy and procedure in maintaining a segregated cellblock to prevent inmates from coming into contact with each other. Plaintiff alleged that after being released from his cell for recreation, he was attacked by Webber who had been hiding in the shower area. Defendant answered denying negligence and alleging contributory negligence on plaintiff's part in

that the plaintiff was informed in advance by another inmate that Webber was waiting to attack him.

During the discovery process, plaintiff served defendant with interrogatories, requests for admissions and requests for production of documents related to DOC's standard practice or policy of allowing only one inmate at a time out of his cell for recreation. Defendant denied the existence of such a policy and failed to produce the requested documents. Plaintiff moved to compel discovery, and the deputy commissioner ordered defendant to provide plaintiff with certain documents.

During the hearing before the deputy commissioner on 15 June 1992, plaintiff's counsel learned of the existence of an office memorandum from Lt. F. S. Walker regarding his investigation of the 12 March 1991 incident which contained the statement, "[B]oth inmates are Maximum Custody and they are not allowed to come in contact with each other." On cross-examination, Lt. Walker admitted that the practice on that particular cellblock was to keep the inmates separated. Plaintiff moved for sanctions pursuant to North Carolina Rules of Civil Procedure 37(a)(4), 37(b)(2), 37(c) and 26(g). The deputy commissioner's decision and order denied plaintiff's motions for sanctions and his claim for damages under the Tort Claims Act, and concluded that plaintiff proved negligence on the part of the defendant but was barred from recovering damages because of his own contributory negligence.

Plaintiff made application for review to the Full Commission which adopted the decision and order of the deputy commissioner with slight modification. In denying plaintiff's motions for discovery sanctions, the Full Commission noted:

Plaintiff moves the Commission to strike the contributory negligence defense and award attorneys [sic] fees to him because of defendant's "obstructive and deceptive discovery tactics." *While there appears to be a disturbing degree of justification for that accusation*, substantial justice would not be accomplished by striking the defense, and other circumstances would make an award of fees of [sic] unjust, including that representation for both parties is publicly funded, plaintiff did not personally incur any additional expense due to the omissions of which he complains, and that such "tactics" are remarkably out of character for the office of defendant's counsel in our experience. (emphasis added).

**WILLIAMS v. N.C. DEPT. OF CORRECTION**

[120 N.C. App. 356 (1995)]

Plaintiff appeals from the decision and order of the Full Commission, and asks this Court to determine whether the Industrial Commission erred in denying plaintiff's motions for discovery sanctions.

The discovery rules should be liberally construed in order to accomplish the important goal of "facilitat[ing] the disclosure *prior to trial* of any unprivileged information that is relevant and material to the lawsuit so as to permit the narrowing and sharpening of the basic issues and facts that will require trial." *Telegraph Co. v. Griffin,* 39 N.C. App. 721, 726, 251 S.E.2d 885, 888, *disc. review denied,* 297 N.C. 304, 254 S.E.2d 921 (1979) (emphasis added). The administration of these rules, in particular the imposition of sanctions, is within the broad discretion of the trial court. *Id.* at 727, 251 S.E.2d at 888. The trial court's decision regarding sanctions will only be overturned on appeal upon showing an abuse of that discretion. *Roane-Barker v. Southeastern Hospital Supply Corp.,* 99 N.C. App. 30, 36, 392 S.E.2d 663, 667 (1990), *disc. review denied,* 328 N.C. 93, 402 S.E.2d 418 (1991). In the case before us, plaintiff moved for and was denied sanctions under Rules 37(a)(4), 37(b)(2), 37(c), and 26(g).

I.

[1] Plaintiff first contends sanctions were warranted under Rule 37(a)(4), which provides:

If the motion [to compel] is granted, the court *shall,* after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless* the court finds that the opposition to the motion was substantially justified or that *other circumstances make an award of expenses unjust.* (emphasis added).

Plaintiff's motion to compel discovery was granted. Therefore, pursuant to Rule 37(a)(4), the Full Commission was required to award reasonable expenses including attorney's fees, unless it found that other circumstances would make such an award unjust. In denying plaintiff's motion, the Full Commission reasoned that "representation for both parties is publicly funded, plaintiff did not personally incur any additional expense due to the omissions of which he complains, and that such 'tactics' are remarkably out of character for the office of defendant's counsel in our experience." We find none of these cir-

cumstances are sufficient to warrant denial of plaintiff's motion for Rule 37(a)(4) sanctions.

This Court has affirmed the award of attorney's fees where both parties were represented by publicly funded agencies. In *Tay v. Flaherty*, 100 N.C. App. 51, 394 S.E.2d 217, *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990), our Court affirmed an award of attorney's fees to a woman whose food stamps were terminated wrongfully by the local department of social services, a division of the N.C. Department of Human Resources. The state agency was represented by an assistant attorney general and the plaintiff was represented by a legal services organization, just as in this case.

Other courts have similarly upheld the award of attorney's fees to attorneys employed by public interest law firms or organizations. *See New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 70, 64 L. Ed. 2d 723, 738 (1980); *Torres v. Sachs*, 538 F.2d 10, 13 (2nd Cir. 1976). Although plaintiff may not have personally incurred any expense associated with the motion to compel, the organization representing him surely did. Moreover, "[t]he statutory policies underlying the award of fees justify such shifting without regard to whether the individual plaintiff initially assumed the financial burdens of representation." *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3rd Cir. 1977), *cert. denied*, 436 U.S. 913, 56 L. Ed. 2d 414 (1978). Our Supreme Court noted, "[e]mphasis in the new rules is not on gamesmanship, but on expeditious handling of factual information before trial so that the critical issues may be presented at trial unencumbered by unnecessary or specious issues and so that evidence at trial may flow smoothly and objections and other interruptions be minimized." *Willis v. Power Co.*, 291 N.C. 19, 34, 229 S.E.2d 191, 200 (1976). The Full Commission found a "disturbing degree of justification" for the accusation that defendant employed "obstructive and deceptive discovery tactics." The policy expressed by the Supreme Court would certainly be undermined by allowing this conduct to go unsanctioned merely because both parties are represented by publicly funded agencies.

Finally, the Full Commission's observation that "such 'tactics' are remarkably out of character for the office of defendant's counsel" is irrelevant to the question of whether to impose sanctions. The primary consideration must be the advancement of the underlying policy to facilitate the identification of issues and encourage the smooth flow of evidence at trial. Conduct which would serve to defeat this

policy should be carefully scrutinized regardless of whether or not it is typical conduct. We find none of the circumstances emphasized by the Full Commission sufficient to justify its failure to impose sanctions under Rule 37(a)(4). Therefore, the consideration of those factors was an abuse of discretion.

## II.

**[2]** Plaintiff next argues sanctions should have been imposed under Rule 37(b)(2) which states:

> If a party . . . fails to obey an order to provide or permit discovery, . . . a judge of the court in which the action is pending may make such orders in regard to the failure as are just . . . . In lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (emphasis added).

Plaintiff argues the defendant's failure to turn over Lt. F. S. Walker's office memorandum violated the "spirit of the Deputy Commissioner's order." However, the order identified the following specific documents that defendant must provide to the plaintiff:

> [T]he incident report produced in connection with the March 12, 1991 incident, the statement by Michael Williams . . . the witness statement of Michael Wheeler dated March 3, 1991 . . . the written statement of Michael Williams dated March 12, 1991 . . . [and] a copy of any report contained in Officer Wheeler's personnel record regarding a reprimand or disciplinary action against Officer Wheeler arising out of the incident of March 12, 1991.

The order then denied the motion for any additional discovery. The record does not present sufficient evidence to conclude with certainty that defendant failed to provide plaintiff with the specific documents required by the deputy commissioner's order.

Assuming, *arguendo*, that defendant did provide the specified documents, then Rule 37(b)(2) would be inapplicable and no sanctions under this rule would be required. However, should the Full Commission determine upon further proceedings that defendant failed to comply with the order, Rule 37(b)(2) requires that defendant be ordered to pay plaintiff's reasonable expenses, including attor-

ney's fees, unless the Commission finds "the failure was substantially justified or that other circumstances make an award of expenses unjust." As we previously discussed, the circumstances emphasized in the Full Commission's decision and order do not provide sufficient justification for failing to impose sanctions under Rule 37(b)(2).

## III.

Plaintiff next argues Rule 37(c) requires the imposition of sanctions. Rule 37(c) provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court *shall* make the order *unless* it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit. (emphasis added).

During discovery, plaintiff made several requests for admissions pursuant to Rule 36 regarding the policy or standard procedure in plaintiff's cellblock of locking one inmate back in his cell before allowing another out of his cell in order to prevent inmates from coming into contact with each other. Although defendant denied each request for admission, an office memorandum regarding the investigation of the 12 March 1991 incident and Lt. F. S. Walker's admission on cross-examination that the practice on that particular cellblock was to keep the inmates separated "thereafter prove[d] the . . . truth of the matter." The Full Commission was required to impose sanctions unless it found one of the four exceptions provided in Rule 37(c). The Full Commission made none of the four required findings before denying sanctions, and thereby abused its discretion.

## IV.

[3] Finally, plaintiff contends sanctions were warranted under Rule 26(g), which provides:

> Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at

least one attorney of record in his individual name . . . . The signature of the attorney or party constitutes a certification that he has read the request, response, or objection and that to the best of his knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with the rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose . . . ; and (3) not unreasonable or unduly burdensome or expensive . . . . If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. (emphasis added).

In Interrogatory No. 15, plaintiff asked defendant to "[d]escribe Department of Correction policy or standard procedure in regard to contact between maximum custody inmates during exercise periods, including inmates exercising indoors on the disciplinary segregation block at Central Prison on March 12, 1991." Defendant responded, "[m]aximum [c]ustody inmates at Central Prison recreate alone whenever possible to prevent potential confrontations among the inmates. Central Prison policy does not specify that maximum custody inmates recreate alone. Departmental policy does not specify that maximum custody inmates recreate alone." Plaintiff contends defendant's response was "incorrect and misleading and was contradicted by Lt. Walker's office memorandum and his hearing testimony," and therefore defendant should be sanctioned. The record before us is insufficient to determine whether certification was made in violation of this rule. If the Full Commission finds that Rule 26(g) was violated, it must impose an appropriate sanction as directed by the statute.

For the foregoing reasons we reverse the Full Commission's denial of discovery sanctions. We remand for further proceedings to determine: (1) the appropriate sanctions that shall be imposed under Rule 37(a)(4) and Rule 37(c); (2) whether defendant complied with the deputy commissioner's order to compel discovery and if not, then the appropriate sanctions that shall be imposed under Rule 37(b)(2); and (3) whether counsel's certification violated Rule 26(g) and if so, then the appropriate sanctions that shall be imposed. The Full

Commission, in its discretion, is authorized to hear further evidence to make the above determinations.

Reversed and remanded.

Judges EAGLES and WALKER concur.