DOE 1 v. SWANNANOA VALLEY YOUTH DEV. CTR.

[163 N.C. App. 136 (2004)]

JANE DOE 1, Individually and as Guardian Ad Litem for JOHN DOE 1, Minor Child, JANE DOE 2, Individually and as Guardian Ad Litem for JOHN DOE 2, Minor Child, and JOHN and JANE DOE 3, Individually and as Guardian Ad Litem for JOHN DOE 3, Minor Child, Plaintiffs v. SWANNANOA VALLEY YOUTH DEVELOPMENT CENTER, a North Carolina State Agency, NORTH CAROLINA DEPARTMENT OF JUVENILE JUSTICE AND DELINQUENCY PREVENTION, a North Carolina State Agency, BRIAN HARKINS, PHIL LYTLE, LANI LANCASTER, KEN ARONTIN, T. CORDELL, J.B. SIMMONS and MICHAEL SWEITZER, Individually and as Public Employees, Defendants

No. COA03-416

(Filed 2 March 2004)

**1. Appeal and Error— appealability—interlocutory order—discovery order—privilege—substantial right**

Although defendants' appeal from an order compelling discovery is an appeal from an interlocutory order, defendants' assertion of privilege, while not a privilege arising directly by statute, is nonetheless neither frivolous nor insubstantial and thus affects a substantial right which would be lost absent immediate review.

**2. Discovery— Tort Claims Act—juvenile records—social services records—law enforcement records—agency records**

The Industrial Commission did not err in a Tort Claims Act case by compelling discovery of records including juvenile records, social services records, law enforcement records, and records maintained by defendant agencies in a case filed by minor plaintiffs and their respective guardians arising out of physical mistreatment and sexual assault at the hands of both facility employees and fellow minors, because: (1) N.C.G.S. §§ 243-291 and 143-300, together with the precedent already set forth by the Court of Appeals in prior opinions, compel the conclusion that the Commission acted within its authority; and (2) the information sought by plaintiffs is expressly subject to disclosure by order of the court, and the Commission, as sole arbiter of tort claims against the State, may properly order such disclosure.

Appeal by defendants from order of the North Carolina Industrial Commission entered 9 December 2002. Heard in the Court of Appeals 27 January 2004.

DOE 1 v. SWANNANOA VALLEY YOUTH DEV. CTR.

[163 N.C. App. 136 (2004)]

*Holtkamp Law Firm, by Lynne M. Holtkamp, and White & Stradley, by Nancy P. White, for plaintiff appellees.*

*Attorney General Roy Cooper, by Assistant Attorney General Donna B. Wojcik, for defendant appellants.*

WYNN, Judge.

Defendants Swannanoa Valley Youth Development Center ("Swannanoa") and the North Carolina Department of Juvenile Justice and Delinquency Prevention, along with the named individual defendant employees (collectively hereafter "Defendants"), appeal from an order of the North Carolina Industrial Commission ("the Commission") compelling discovery in a case filed by minor Plaintiffs and their respective guardians. For the reasons set forth herein, we conclude the Commission was authorized to compel discovery and therefore affirm the order of the Commission.

On 7 June 2002, Plaintiffs filed a claim with the Commission against Defendants for damages arising under the North Carolina Tort Claims Act. Plaintiffs alleged that, while in the care of Defendants, they suffered physical mistreatment and sexual assault at the hands of both facility employees and fellow minors, resulting in serious emotional and physical injuries to Plaintiffs. Plaintiffs further alleged that although Defendants were aware of such abuse, they took no steps to prevent harm to Plaintiffs, and "undertook measures to destroy evidence and quash investigation of complaints of staff on child and child on child abuse."

As part of their requests for discovery, Plaintiffs asked Defendants to

> please identify the name[,] address and telephone number of each child at your facility, and their legal custodians, who were residents of Frye Cottage and/or any other dormitory at which [named employee] worked during the period of [his] employment.

Defendants objected to the request, contending that the information was confidential under the North Carolina General Statutes. Plaintiffs also requested Defendants to

> identify the name[,] address, social security number, employment status and telephone number of each individual who investigated any and all incidents of alleged sexual assault

involving [named employee] including, but not limited to, any and all internal and external investigators, [Department of Social Services], the State Bureau of Investigation, and Department of Juvenile Justice Investigators.

Defendants objected to the request, stating that the information was protected and confidential. On the same grounds, Defendants denied other similar requests by Plaintiffs for information related to potential investigations conducted by the State Bureau of Investigation, the Department of Social Services, or the Department of Juvenile Justice Investigators.

On 26 September 2002, Plaintiffs filed a motion to compel Defendants' discovery responses. After conducting a hearing on the matter, a deputy commissioner of the Commission entered an order compelling Defendants to provide Plaintiffs with most of the requested information and documentation. The deputy commissioner also entered a protective order prohibiting disclosure of the requested information to anyone not associated with the case, and allowing the parties to submit any confidential documents under seal. Defendants appealed to the Commission, which dismissed the appeal as interlocutory and ordered Defendants to comply with the deputy commissioner's order compelling discovery. Defendants appealed the order of the Commission.

---

Defendants present two arguments on appeal, contending the Commission (1) lacked authority to order disclosure of the information sought by Plaintiffs in the instant case and (2) improperly dismissed Defendants' appeal.

[1] Preliminarily, we address Plaintiffs' motion before this Court to dismiss this appeal as interlocutory. Indeed, Defendants acknowledge that the instant appeal is from an interlocutory order, but contend that the order affects a substantial right which will be lost absent immediate review.

Generally, an order compelling discovery is not immediately appealable. *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999). Where, however, "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right." *Id.* at 166, 522 S.E.2d at 581. Defendants concede that the information subject to discovery in the instant case is "not specifically

covered by statutory privilege." Defendants further admit that the information sought by Plaintiffs is subject to disclosure through court order. Defendants nevertheless assert that the Commission is not a "court" for purposes of ordering disclosure of confidential records, and it therefore lacked authority to issue an order compelling discovery of the information sought by Plaintiffs. Following the reasoning set forth in *Sharpe*, we determine that Defendants' assertion of privilege, while not a privilege arising directly by statute, is nonetheless neither frivolous nor insubstantial. We hold, therefore, that Defendants' appeal affects a substantial right which would be lost if not reviewed before the entry of final judgment and deny Plaintiffs' motion to dismiss the appeal. *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 24, 541 S.E.2d 782, 786 (holding that the appeal from an order compelling discovery affected the defendants' substantial rights, although the privilege asserted was a common law privilege and not a statutory one), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001).

[2] Defendants argue that juvenile records, social services records, law enforcement records, and records maintained by Swannanoa and the North Carolina Department of Juvenile Justice and Delinquency Prevention are confidential and cannot be disclosed "without a proper court order." In support of their argument, Defendants point to statutory provisions prohibiting the various agencies at issue from disclosing information unless by court order. *See, e.g.*, N.C. Gen. Stat. §§ 7B-3000(b) (juvenile records may be examined only by order of the court); 7B-2901(b) (records kept by the Department of Social Services may be examined by the juvenile or guardian ad litem; otherwise, only by order of the court); 132-1.4(a) (records of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information may be released by order of a court of competent jurisdiction). While acknowledging that the Commission constitutes a "court" for purposes of hearing and ruling upon tort claims brought against agencies of the State, Defendants nevertheless assert that the Commission is not a "court" for purposes of ordering disclosure of records. According to Defendants, the Commission must obtain an order from the district court to have these records released. We disagree.

Section 143-291 of the North Carolina General Statutes states, in pertinent part, that "[t]he North Carolina Industrial Commission is hereby constituted *a court* for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of

DOE 1 v. SWANNANOA VALLEY YOUTH DEV. CTR.

[163 N.C. App. 136 (2004)]

Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2003) (emphasis supplied).[1] Thus, in North Carolina, our superior and district courts have no jurisdiction over a tort claim against the State, or its agencies, as the Commission is vested with exclusive original jurisdiction of such actions. *Guthrie v. State Ports Authority*, 307 N.C. 522, 539-41, 299 S.E.2d 618, 628 (1983); *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 342, 556 S.E.2d 38, 42 (2001), *disc. review denied*, 355 N.C. 292, 561 S.E.2d 887 (2002).

Under the Tort Claims Act, the Commission and its deputies are empowered to

> issue subpoenas, administer oaths, conduct hearings, take evidence, enter orders, opinions, and awards based thereon, punish for contempt, and issue writs of habeas corpus ad testificandum pursuant to G.S. 97-101.1. The Industrial Commission is authorized to appoint deputies and clerical assistants to carry out the purpose and intent of this Article, and such deputy or deputies are hereby vested with the same power and authority to hear and determine tort claims against State departments, institutions, and agencies as is by this Article vested in the members of the Industrial Commission. Such deputy or deputies shall also have and are hereby vested with the same power and authority to hear and determine cases arising under the Workers' Compensation Act when assigned to do so by the Industrial Commission. The Commission may order parties to participate in mediation, under rules substantially similar to those approved by the Supreme Court for use in the Superior Court division, except the Commission shall determine the manner in which payment of the costs of the mediated settlement conference is assessed.

---

1. Section 143-291 further provides:

The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages that the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of damages as provided in subsection (a1) of this section . . . .

N.C. Gen. Stat. § 143-296 (2003). Further, the Commission is authorized to "adopt such rules and regulations as may, in the discretion of the Commission, be necessary to carry out the purpose and intent of [the Tort Claims Act]." N.C. Gen. Stat. § 143-300 (2003). Moreover, the North Carolina Rules of Civil Procedure apply in tort claims before the Commission, to the extent that such rules are not inconsistent with the Tort Claims Act, in which case the Tort Claims Act controls. N.C. Gen. Stat. § 143-300; 4 NCAC 10B.0201(a). Pursuant to Rule 37 of the North Carolina Rules of Civil Procedure, the Commission may enter an order compelling discovery and may impose sanctions on a party refusing to comply with such order. N.C. Gen. Stat. § 1A-1, Rule 37(a)-(b) (2003); *Williams v. N.C. Dept. of Correction*, 120 N.C. App. 356, 363, 462 S.E.2d 545, 549 (1995) (holding that the Commission abused its discretion by failing to impose sanctions pursuant to Rule 37 where the defendant failed to comply with the deputy commissioner's order to compel discovery).

Defendants' argument that the Commission is not a "court" for purposes of discovery is similar to one rejected by this Court in *Karp v. University of North Carolina*, 88 N.C. App. 282, 362 S.E.2d 825 (1987), *affirmed per curiam*, 323 N.C. 473, 373 S.E.2d 430 (1988). The issue in *Karp* was whether the Commission had authority to award attorneys' fees pursuant to section 6-21.1 of the North Carolina General Statutes for actions brought under the Tort Claims Act. Section 6-21.1 provided in pertinent part:

> "In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the Court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, . . . the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant. . . ."

*Id.* at 283, 362 S.E.2d at 826 (quoting N.C. Gen. Stat. § 6-21.1 (1986)). Appealing from the Commission's grant of attorneys' fees in favor of the plaintiff, the defendant in *Karp* argued that the Commission was not a "court," nor was a deputy commissioner a "presiding judge" within the meaning of section 6-21.1. The *Karp* Court, while recognizing that the Commission is a "court of limited jurisdiction having only those powers conferred upon it by statute[,]" concluded that the

Commission had the statutory authority to award attorneys' fees. *Id.* at 284, 362 S.E.2d at 826. The Court held that section 143-291 of the General Statutes, which designates the Commission a court for the purposes of hearing tort claims, combined with section 143-291.1, which authorizes the Commission to tax the costs of litigation, permitted the Commission to award attorneys' fees. *Id.*

Similarly, we conclude the Commission acted within its authority in issuing its order compelling discovery. Sections 143-291 and 143-300 of the North Carolina General Statutes, together with the precedent set forth by this Court in *Williams* and *Karp,* compel this conclusion. The information sought by Plaintiffs is expressly subject to disclosure by order of the court, and the Commission, as sole arbiter of tort claims against the State, may properly order such disclosure.[2] Given our conclusion, we need not address Defendants' remaining assignment of error. The order of the Commission is hereby

Affirmed.

Judges McGEE and TYSON concur.

--------

2. We note that the deputy commissioner, in issuing the order compelling discovery, simultaneously issued a protective order prohibiting disclosure of the requested information to any person not associated with the case. Defendants' arguments, dire predictions, and fears regarding "public dissemination" of the documents at issue are therefore allayed.