HUDSON, Judge.
Plaintiff Jackie Moore brought this action for personal injuries resulting from a car collision. On 15 October 2003, the court entered a sanctions order denying defendants Patricia Page Norris ("Norris") and Lloyd Daniel Hinson ("Hinson") the right to offer evidence as to the liability and negligence of their co-defendants, on account of their failure to answer discovery. On 5 December 2003, the court denied plaintiff's motion for reconsideration of the order. Plaintiff appeals from the court's denial of her motion. As discussed below, we affirm. The order denying plaintiff's motion for reconsideration is interlocutory. "An interlocutory order is immediately appealable if . . . the trial court has certified the case for appeal under Rule 54(b) of the Rules of Civil Procedure. . . ." Eckard v. Smith, ___ N.C. App. ___, ___, 603 S.E.2d 134, 138-39 (2004). Because the trial court certified this case for appeal under Rule 54(b), this appeal is properly before us.
Plaintiff was injured when the car in which she was a passenger was struck by a car driven by defendant Priscilla Duncan and owned by defendant Elisa Duncan. The car in which plaintiff rode was driven by defendant Norris and owned by defendant Hinson. Defendants Duncan cross-claimed against Norris and Hinson, and Norris and Hinson cross-claimed against the Duncans. After Norris refused to respond to interrogatories and a request for production of documents from the Duncans, the Duncans obtained an order compelling responses. When Norris still did not respond, the Duncans sought sanctions. Following a hearing on the matter, which plaintiff's counsel did not attend despite receiving notice, the court issued an order preventing Norris from offering any evidence as to the Duncans' negligence and barring Hinson from offering evidence of Norris' statements. Plaintiff moved for reconsideration on grounds that the order was highly prejudicial to plaintiff because it prevented her from calling Norris and Hinson as adverse witnesses. Plaintiff argues that the court erred in refusing to reconsider the discovery sanction ordered against defendant Norris. We disagree.
The standard of review on appeal from the denial of a motion for reconsideration is whether the trial court abused its discretion. Muse v. Charter Hospital of Winston-Salem, Inc., 117 N.C. App. 468, 481, 452 S.E.2d 589, 598, affirmed per curiam, 342 N.C. 403, 464 S.E.2d 44 (1995). Rule 37 of the N.C. Rules of Civ. Proc., provides for sanctions for failure to comply with discovery. "The administration of [the discovery] rules lies necessarily within the province of the trial courts; Rule 37 allowing the trial court to impose sanctions is flexible, and broad discretion must be given to the trial judge with regard to sanctions." Carpenter v. Cooke, 58 N.C. App. 381, 385, 293 S.E.2d 630, 632, cert. denied and appeal dismissed, 306 N.C. 740, 295 S.E.2d 758 (1982) (internal quotation marks omitted). "Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion." Hursey v. Homes By Design, Inc., 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). This Court will not reverse a trial court for abuse of discretion without "a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." Id.
Here, the court imposed sanctions because defendant Norris "failed to comply with the previous Order of this Court filed August 4, 2003 compelling Defendant Norris to fully and completely respond to Interrogatories and Request for Production of Documentsserved by" the Duncans. Because the court's imposition of sanctions against Norris was not arbitrary, we find no abuse of discretion.
Affirmed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).