IN THE MATTER OF MORGAN SAMUEL WARD, III

No. 476PA93

(Filed 29 July 1994)

## Incompetent Persons § 14 (NCI4th)— incompetency hearing— authority of clerk to reopen

The clerk of court had the authority to reopen an incompetency hearing where the respondent was in an automobile accident in Texas; he initially filed a suit in federal court; one of the defendants, Imperial Trucking Co., filed motions to dismiss on grounds including the two-year Texas statute of limitations; a

**IN RE WARD**

[337 N.C. 443 (1994)]

change of venue to a Texas federal court was granted; respondent took a voluntary dismissal without prejudice; respondent's attorney filed an incompetency petition in Durham; Imperial was not listed as an interested party and did not receive notice of the subsequent hearing; the Clerk in Durham entered an order ruling that respondent was incompetent as a result of the accident; respondent's attorney, acting as his guardian, filed suit in Texas state court against Imperial and its driver the day after the federal action was dismissed; Imperial then sought to have the incompetency hearing reopened; the Clerk in Durham reopened the hearing with the consent of the parties and determined that respondent had been incompetent since the date of the accident, but that the Clerk was without authority to declare him legally incompetent prior to the institution of the incompetency proceeding; and the Court of Appeals concluded that the order was null and void because the Clerk did not have authority to rehear the adjudication of incompetency. Although respondent contends that all interested parties were notified as set forth in N.C.G.S. § 35A-1109, the interest of the opposing party clearly falls within the intended scope of the statute and should be protected by notice to that party where a determination of incompetency may effect the tolling of an otherwise expired statute of limitations. And, although Imperial nominally filed its motion under N.C.G.S. § 35A-1207 and nothing in Chapter 35A expressly provides for the rehearing of an incompetency adjudication, this case is an appropriate one for application of N.C.G.S. § 1A-1, Rule 60(b) and the effect of the order is to treat the motion as one pursuant to Rule 60(b)(6).

**Am Jur 2d, Incompetent Persons §§ 8-25.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of a unanimous panel of the Court of Appeals, 112 N.C. App. 202, 435 S.E.2d 125 (1993), affirming an order dismissing petitioner's notice of appeal entered 11 August 1992 by Thompson, J., in Superior Court, Durham County. Heard in the Supreme Court 11 May 1994.

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., and Robert E. Levin, for petitioner-appellant, Imperial Trucking Co., Inc.*

*Constantinou Law Group, P.A., by John M. Constantinou, for respondent-appellee, Morgan Samuel Ward, III.*

**IN RE WARD**

[337 N.C. 443 (1994)]

WHICHARD, Justice.

On 23 December 1987 respondent Morgan Samuel Ward, III, was in an automobile accident in Texas involving his U-Haul van and a tractor-trailer truck owned by petitioner Imperial Trucking Co., Inc. [hereinafter "Imperial"] and operated by its agent. Ward was injured, and on 26 January 1990 he filed suit in the United States District Court for the Middle District of North Carolina. Imperial filed a motion to dismiss based on lack of personal jurisdiction and on the expiration of the Texas two-year statute of limitations on personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (1986). Ward filed a motion to change venue. The court granted Imperial's motion to dismiss for lack of personal jurisdiction and, finding subject matter jurisdiction, granted Ward's motion for change of venue but declined to rule on the statute-of-limitations question. The court then transferred the case to the United States District Court for the Southern District of Texas, where on 13 November 1990 Ward took a voluntary dismissal without prejudice.

On 16 August 1990, prior to Ward's voluntary dismissal of the federal action, John Constantinou, Ward's attorney, filed a Petition for Adjudication of Incompetence and Application for Appointment of Guardian in Durham County, seeking to have the Clerk of Superior Court, James Leo Carr, declare Ward incompetent as of 23 December 1987, the date of the accident. Imperial was not listed in the petition as an interested party and did not receive notice of the subsequent hearing. On 11 October 1990, following the hearing, the Clerk entered an order ruling that Ward was rendered incompetent on 23 December 1987 as a result of the accident. The Clerk appointed Constantinou as Ward's guardian and ordered that he "be allowed to file a personal injury action for the ward without further permission from this Court."

The day after Ward voluntarily dismissed his federal action, Constantinou, as Ward's guardian, filed suit in Texas state court against Imperial and its driver seeking personal injury damages. Imperial first learned of the prior incompetency proceeding at that time. Imperial then sought to have the incompetency proceeding reopened in Durham County by filing a motion in the cause denominated as under N.C.G.S. § 35A-1207(a). On 10 October 1991 the Clerk ordered the proceeding reopened, stating that Constantinou, as Ward's guardian, had agreed to the rehearing. The order was signed by attorneys for both parties to reflect their consent. Following a hearing in March

1992, the Clerk entered an order on 12 June 1992 which stated that Imperial's motion pursuant to N.C.G.S. § 35A-1207 was filed improperly because that statute addresses guardianships and has no application to an original incompetency determination. The order then stated:

> The court finds, however, that the Guardian has consented to the motion, and that both the Petitioner and the Guardian have requested a full hearing on the merits, therefore, the court concludes in the interest of justice that the motion is properly before the court pursuant to Article I of G.S. 35A.

The Clerk found as fact that Ward had been incompetent since the date of the accident, but determined that he was without authority to declare Ward legally incompetent prior to the institution of the incompetency determination proceeding. He then decreed that Ward was incompetent on 16 August 1990, the date the original Petition for Adjudication of Incompetence was filed.

Imperial gave notice of appeal to the superior court. Ward, through his attorney, moved to dismiss the notice, and the superior court granted his motion. Imperial then appealed to the Court of Appeals, which affirmed the superior court. On 27 January 1994 we allowed Imperial's petition for discretionary review.

The issue is whether the Clerk had authority to reopen the incompetency proceeding and issue the order of 12 June 1992. If so, Imperial has the right to appeal to the superior court for a trial *de novo* pursuant to N.C.G.S. § 35A-1115, which provides: "Appeal from an order adjudicating incompetence shall be to the superior court for hearing de novo and thence to the Court of Appeals." N.C.G.S. § 35A-1115 (1987). The Court of Appeals concluded that the order was null and void because the Clerk did not have the express authority under Chapter 35A, and therefore did not have jurisdiction, to rehear Ward's adjudication of incompetency. For reasons that follow, we hold that the Clerk had authority to reopen the proceeding, and, accordingly, we reverse the Court of Appeals.

The Clerk had original jurisdiction to appoint a guardian for Ward. N.C.G.S. § 35A-1203(a) (1987) ("Clerks of superior court in their respective counties have original jurisdiction for the appointment of guardians of the person, . . . and of related proceedings brought or filed under this Subchapter."). The issue thus is not one of jurisdiction, but of whether the Clerk could reopen the incompetency

**IN RE WARD**

[337 N.C. 443 (1994)]

proceeding, over which he clearly had jurisdiction under the foregoing statute, where an interested party was not notified of the original proceeding. Ward notes that all interested parties, as set forth in the statute, were notified. *See* N.C.G.S. § 35A-1109 (Supp. 1993) ("The petitioner, within five days after filing the petition, shall mail or cause to be mailed, . . . copies of the notice and petition to the respondent's next of kin alleged in the petition and any other persons the clerk may designate . . . ."). Imperial was not notified because it was not one of Ward's next of kin and was not designated by the Clerk as an interested party.

Based on a purely literal reading of the statute, Ward is correct in contending that he followed the required notice procedure. Where a determination of the incompetency of a party to a lawsuit may effect the tolling of an otherwise expired statute of limitations, however, the interest of the opposing party clearly falls within the intended scope of the statute and should be protected by notice to that party of the hearing.

As the Court of Appeals held, and as Ward argues, nothing in Chapter 35A expressly provides for the rehearing of an incompetency adjudication. Imperial nominally filed its motion in the cause under N.C.G.S. § 35A-1207, which provides: "Any interested person may file a motion in the cause with the clerk in the county where a guardianship is docketed to request modification of the order appointing a guardian or guardians or consideration of any matter pertaining to the guardianship." N.C.G.S. § 35A-1207(a) (1987). As the Clerk noted in his order, this statute does not relate to the original adjudication of incompetency; rather, its purpose is to allow for modifications of guardianship appointments or for orders as to other aspects of guardianship proceedings.

The lack of express authority in Chapter 35A for reopening the incompetency proceeding does not foreclose relief for Imperial, however. Though Imperial did not designate Rule 60(b) of the North Carolina Rules of Civil Procedure as the authority under which it sought relief, this case is an appropriate one for application of that rule, which provides:

(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C.G.S. § 1A-1, Rule 60(b) (1990). Rule 60(c) authorizes the Clerk to exercise the powers Rule 60(b) grants to judges: "The clerk may, in respect of judgments rendered by himself, exercise the same powers authorized in section[] . . . (b). . . . Where such powers are exercised by the clerk, appeals may be had to the judge in the manner provided by law." *Id.* § 1A-1, Rule 60(c). The lack of notice to Imperial of the original incompetency proceeding would clearly justify granting it relief pursuant to Rule 60(b)(6). If Imperial had made a motion expressly pursuant to that rule, the Clerk would have been authorized to reopen the incompetency proceeding thereunder.

While the motion and order to reopen the proceeding denominate N.C.G.S. § 35A-1207 as the applicable statute, the effect of the order is to treat the motion as one pursuant to Rule 60(b)(6). It results in allowance of the motion to reopen the proceeding for a "reason justifying relief from the operation of the [order of incompetency]," Rule 60(b)(6), *viz*, "so that all interested parties shall have the right to be heard, offer evidence, examine and cross-examine any and all witnesses offered in support of the original Petition, and . . . contest that proceeding as it relates to the alleged incompetency, and the date of onset of any incompetency . . . ." The Clerk had authority under Rule 60(b) and (c)—especially in view of the consent of the parties—to reopen the proceeding for this altogether appropriate purpose. To deny the order this effect places form over substance. We thus treat the order as entered pursuant to Rule 60(b). So treated, N.C.G.S. § 35A-1115 authorized Imperial to appeal from the subsequent order

which resulted from the rehearing, and the Court of Appeals erred in affirming the superior court's dismissal of the appeal.

Accordingly, the decision of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals for further remand to the Superior Court, Durham County, for reinstatement of petitioner's appeal from the Clerk's order and for other proceedings not inconsistent with this opinion. As to Imperial's remaining issues, we conclude that discretionary review was improvidently allowed.

REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.