**IN RE WINSTEAD**

[189 N.C. App. 145 (2008)]

━━━━━━━

IN THE MATTER OF: RUTH BUNN WINSTEAD

No. COA07-342

(Filed 4 March 2008)

**1. Guardian and Ward— adjudication of incompetency— standing to appeal**

Appellant Mr. Winstead had standing to appeal to superior court an adjudication finding his wife of sixty years incompetent. The matter is controlled by N.C.G.S. § 35A-1115, and Mr. Winstead was an interested party as next of kin, was entitled to notice of the proceeding, and was authorized to appeal.

**2. Guardian and Ward— appointment of guardian—standing to appeal**

Appellant Mr. Winstead had standing to appeal an order appointing another person to be the guardian of his wife of sixty years. The matter is controlled by N.C.G.S. § 1-301.3(c); Mr. Winstead had filed an application for letters of guardianship, he was a party to the proceedings, and he was aggrieved by the appointment of another.

Appeal by Ronald Winstead from order dated 26 January 2007 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard in the Court of Appeals 17 October 2007.

*Kirk, Kirk, Howell, Cutler & Thomas, L.L.P., by C. Terrell Thomas, Jr., for Appellant Ronald Winstead.*

*Jayne B. Norwood for Petitioner-Appellee.*

IN RE WINSTEAD

[189 N.C. App. 145 (2008)]

McGEE, Judge.

Nash County Department of Social Services (Petitioner) filed a petition for adjudication of incompetence and an application for appointment of guardian in this matter on 12 July 2006. Petitioner alleged that Ruth Bunn Winstead (Mrs. Winstead) was incompetent in that she "lack[ed] sufficient capacity to manage . . . her own affairs, [or] to make or communicate important decisions concerning . . . her person, family or property[.]" Petitioner also sought the appointment of an interim guardian for Mrs. Winstead because: (1) Mrs. Winstead "is in a condition that constitutes or reasonably appears to constitute an imminent or forseeable risk of harm to . . . her physical well being and requires immediate intervention[;]" and (2) "there is or reasonably appears to be an imminent or forseeable risk of harm to . . . her estate that requires immediate intervention in order to protect [her] interest." The petition listed Mrs. Winstead's husband, Ronald Winstead (Mr. Winstead), and daughter, Donna King, as Mrs. Winstead's next of kin.

The Clerk of Superior Court entered an order on Petitioner's motion for appointment of interim guardian on 13 July 2006. The Clerk named Laura S. O'Neal, in her capacity as Director of Nash County Department of Social Services, as Mrs. Winstead's interim guardian.

Mr. Winstead filed an application for letters of general guardianship on 28 August 2006, stating that he was Mrs. Winstead's spouse and that they had been married and had lived together for sixty years. A notice of hearing on incompetence was filed on 12 September 2006 and was served upon Mr. Winstead, *inter alios*.

Donna King filed an application for letters of guardianship of the person and for general guardianship on 9 October 2006. Following a hearing, the Clerk of Superior Court filed an order on petition for adjudication of incompetence on 18 October 2006, finding that Mrs. Winstead was incompetent. Donna King filed a second application for letters of general guardianship on 24 October 2006. An Assistant Clerk of Superior Court filed an order on application for appointment of guardian on 24 October 2006, appointing Donna King as Mrs. Winstead's general guardian.

Mr. Winstead filed a notice of appeal in the Superior Court from the order on petition for adjudication of incompetence and from the

order on application for appointment of guardian. Petitioner filed a motion to dismiss Mr. Winstead's appeals on the ground that Mr. Winstead lacked standing to appeal. The trial court filed an amended order dismissing Mr. Winstead's appeals on 26 January 2007, concluding that Mr. Winstead lacked standing to appeal. Mr. Winstead appeals the amended order.

---

**[1]** Mr. Winstead argues the trial court erred by dismissing his appeals from the order on petition for adjudication of incompetence and from the order on application for appointment of guardian. Mr. Winstead argues that pursuant to N.C. Gen. Stat. § 35A-1115, he had standing to appeal both orders. In response, Petitioner argues that "[N.C. Gen. Stat. §] 1-271 and [N.C. Gen. Stat. §] 1-301.2 . . . apply and control with regard to whether [Mr.] Winstead [had] standing to appeal the adjudicatory portion of the hearing and [N.C. Gen. Stat. §] 1-301.3 applies with regard to the appointment of a guardian."

In addressing Mr. Winstead's standing to appeal the order on petition for adjudication of incompetence, we must determine which of the above-cited statutes applies. N.C. Gen. Stat. § 35A-1115 (2007) provides: "Appeal from an order adjudicating incompetence shall be to the superior court for hearing de novo and thence to the Court of Appeals." N.C. Gen. Stat. § 1-271 (2007) provides: "Any party aggrieved may appeal in the cases prescribed in this Chapter." N.C. Gen. Stat. § 1-301.2(a) (2007) speaks more specifically to special proceedings: "This section applies to special proceedings heard by the clerk of superior court in the exercise of the judicial powers of that office." Like N.C.G.S. § 1-271, N.C. Gen. Stat. § 1-301.2(e) (2007) provides for an appeal only by an aggrieved party: "A party aggrieved by an order or judgment of a clerk that finally disposed of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing de novo." However, N.C. Gen. Stat. § 1-301.2(g)(1) (2007) states: "Appeals from orders entered in [proceedings for adjudication of incompetency] are governed by Chapter 35A to the extent that the provisions of that Chapter conflict with this section."

"When two statutes apparently overlap, it is well established that the statute special and particular shall control over the statute general in nature, even if the general statute is more recent, unless it clearly appears that the legislature intended the general statute to control." *Seders v. Powell, Comr. of Motor Vehicles*, 298 N.C. 453, 459, 259 S.E.2d 544, 549 (1979). In this case, N.C.G.S. § 35A-1115 is the

most specific statute dealing with appeals from an order adjudicating incompetency and is therefore the controlling statute.

While N.C.G.S. § 35A-1115 does not give specific guidance as to who may appeal from an order adjudicating incompetence, our Supreme Court has addressed this issue. In *In re Ward*, 337 N.C. 443, 446 S.E.2d 40 (1994), our Supreme Court held that an interested party to an incompetency adjudication who was entitled to notice of the incompetency proceeding, was also authorized, pursuant to N.C.G.S. § 35A-1115, to appeal from the order adjudicating incompetence. *Id.* at 448-49, 446 S.E.2d at 43.

In *In re Ward*, the respondent was in an automobile accident in Texas on 23 December 1987. *Id.* at 445, 446 S.E.2d at 41. The accident involved the respondent's U-Haul vehicle and a vehicle owned by the petitioner. *Id.* The respondent was injured as a result of the accident and filed an action against the petitioner in the United States District Court for the Middle District of North Carolina. *Id.* The petitioner filed a motion to dismiss based on a lack of personal jurisdiction and based on the expiration of the Texas two-year statute of limitations. *Id.* The respondent filed a motion for a change of venue. *Id.* The court granted the petitioner's motion to dismiss for lack of personal jurisdiction and respondent's motion for change of venue, but it declined to rule on the issue related to the statute of limitations. *Id.* The court then transferred the case to the United States District Court for the Southern District of Texas, where the respondent took a voluntary dismissal without prejudice. *Id.*

However, in *In re Ward*, prior to taking the voluntary dismissal, the respondent's attorney had filed a petition on 16 August 1990 for adjudication of incompetence and an application for appointment of guardian in North Carolina, seeking to have the respondent declared incompetent as of the date of the accident. *Id.* The petitioner was not listed in the petition as an interested party and did not receive notice of the hearing. *Id.* The Clerk of Superior Court in Durham County held a hearing and entered an order that the respondent "was rendered incompetent on 23 December 1987 as a result of the accident." *Id.* The Clerk also appointed the respondent's attorney as the respondent's guardian. *Id.*

The respondent's guardian filed suit against the petitioner in Texas state court on the day after the voluntary dismissal in federal court, and the petitioner then learned about the prior incompetency proceeding. *Id.* The petitioner sought to have the North Carolina

**IN RE WINSTEAD**

[189 N.C. App. 145 (2008)]

incompetency proceeding reopened by filing a motion in the cause under N.C. Gen. Stat. § 35A-1207(a). *Id.* The Clerk determined that the motion was improperly filed under N.C. Gen. Stat. § 35A-1207 but concluded that " 'in the interest of justice . . . the motion [was] properly before the court pursuant to Article I of G.S. 35A.' " *Id.* at 446, 446 S.E.2d at 41. The Clerk further determined that the respondent would be deemed incompetent as of 16 August 1990, the date that the respondent's attorney filed the petition for adjudication of incompetence. *Id.* The petitioner appealed to the superior court and the respondent filed a motion to dismiss the appeal, which the superior court granted. *Id.* The petitioner then appealed to the Court of Appeals, which affirmed the superior court's dismissal. *Id.* at 446, 446 S.E.2d at 41-42.

On appeal, our Supreme Court noted that pursuant to N.C. Gen. Stat. § 35A-1109 (Supp. 1993), the respondent's attorney, who filed the petition for adjudication of incompetence, was required to provide notice of the petition and notice of hearing to the alleged incompetent's next of kin and any other persons the clerk may designate. *Id.* at 447, 446 S.E.2d at 42. The Supreme Court recognized that "[b]ased on a purely literal reading of [N.C. Gen. Stat. § 35A-1109], [the respondent] [was] correct in contending that he followed the required notice procedure." *Id.* Nevertheless, the Supreme Court held that the petitioner was entitled to receive notice of the incompetency proceedings involving the respondent:

> Where a determination of the incompetency of a party to a lawsuit may effect the tolling of an otherwise expired statute of limitations, . . . the interest of the opposing party clearly falls within the intended scope of [N.C. Gen. Stat. § 35A-1109] and should be protected by notice to that party of the hearing.

*Id.*

Our Supreme Court also recognized that "nothing in Chapter 35A expressly provides for the rehearing of an incompetency adjudication." *Id.* However, it further held that the case was appropriate for application of Rule 60(b) of the North Carolina Rules of Civil Procedure. *Id.* The Court determined that "[t]he lack of notice to [the petitioner] of the original incompetency proceeding would clearly justify granting it relief pursuant to Rule 60(b)(6)." *Id.* at 448, 446 S.E.2d at 43. Most importantly for purposes of the case before us, the Supreme Court in *In re Ward* held that "*N.C.G.S. § 35A-1115 authorized [the petitioner] to appeal* from the . . . order which resulted from

the rehearing, and the Court of Appeals erred in affirming the superior court's dismissal of the appeal." *Id.* at 448-49, 446 S.E.2d at 43 (emphasis added).

Likewise, in the present case, Mr. Winstead was entitled to notice of the incompetency proceeding and was an interested party to that proceeding. *See* N.C. Gen. Stat. § 35A-1109 (2007) (providing that "[t]he petitioner, within five days after filing the petition, shall mail or cause to be mailed, by first-class mail, copies of the notice and petition to the respondent's next of kin alleged in the petition[.]"). Moreover, Mr. Winstead, as an interested party to the incompetency proceeding, was authorized, pursuant to N.C.G.S. § 35A-1115, to appeal from the order on petition for adjudication of incompetence. *See In re Ward*, 337 N.C. at 448-49, 446 S.E.2d at 43.

Our decision is also supported by a recent case from the Court of Appeals of Ohio, Second District. In *In re Guardianship of Richardson*, 875 N.E.2d 129 (Ohio Ct. App. 2 Dist. 2007), the Ohio Court of Appeals, Second District, recognized that pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure, "a notice of appeal from a final order or judgment authorized by App.R. 3 may be filed by a 'party' to the action in which the judgment or order was entered." *Id.* at 133. The court held that the alleged incompetent person's next of kin, "who [was] entitled by R.C. 2111.04(A)(2)(b) to notice of the guardianship application[,] . . . [had] an interest in the proceeding concerning her mother that confer[red] on [the next of kin] the status of a 'party' for purposes of App.R. 4(A). Therefore, [the next of kin] [did] not lack standing to appeal." *Id.* at 134.

For the reasons stated above, we hold that Mr. Winstead had standing to appeal the order on petition for adjudication of incompetence. Accordingly, the trial court erred by dismissing Mr. Winstead's appeal. We remand the matter to the Superior Court for reinstatement of Mr. Winstead's appeal and for other proceedings consistent with this opinion. *See In re Ward*, 337 N.C. at 449, 446 S.E.2d at 43.

[2] We next address Mr. Winstead's standing to appeal the order on application for appointment of guardian. Mr. Winstead argues that his appeal from this order is also governed by N.C.G.S. § 35A-1115. However, Petitioner argues that N.C. Gen. Stat. § 1-301.3 controls.

As recited above, N.C.G.S. § 35A-1115 provides: "Appeal from an order adjudicating incompetence shall be to the superior court for hearing de novo and thence to the Court of Appeals." Based upon the

plain language of this section, this statute has no application to appeals from an order appointing a guardian. Therefore, N.C.G.S. § 35A-1115 is inapplicable to Mr. Winstead's appeal from the order on application for appointment of guardian. N.C. Gen. Stat. § 1-301.3(a) (2007) provides: "This section applies to matters arising in the administration of testamentary trusts and of estates of decedents, incompetents, and minors." N.C. Gen. Stat. § 1-301.3(c) (2007) provides: "A party aggrieved by an order or judgment of the clerk may appeal to the superior court by filing a written notice of the appeal with the clerk within 10 days of entry of the order or judgment." We hold that N.C.G.S. § 1-301.3(c) governs Mr. Winstead's appeal from the order appointing a guardian. *See In re Simmons*, 266 N.C. 702, 707, 147 S.E.2d 231, 234 (1966) (recognizing that guardianship proceedings are not strictly civil actions nor are they special proceedings; they are more in the nature of estate matters). We further hold that pursuant to N.C.G.S. § 1-301.3(c), Mr. Winstead must show that he was a "party aggrieved" by the Assistant Clerk of Superior Court's ruling.

"A 'party aggrieved' is one whose legal rights have been denied or directly and injuriously affected by the action of the trial court." *Selective Ins. Co. v. Mid-Carolina Insulation Co., Inc.*, 126 N.C. App. 217, 219, 484 S.E.2d 443, 445 (1997). On this issue, Petitioner concedes that "Mr. Winstead is possibly aggrieved by the appointment of someone other than him as his wife's guardian. However, [Petitioner] continues to maintain that Mr. Winstead must be both a party to the action and aggrieved by the court's decision to seek appeal. [Mr. Winstead] is not a party."

Professor John L. Saxon has recently explained that "[t]he parties in a proceeding to appoint a guardian for an allegedly incapacitated adult are the petitioner (or petitioners), the respondent, [and] any person other than the petitioner who files an application requesting the appointment of a guardian for the respondent[.]" John L. Saxon, *North Carolina Guardianship Manual* (School of Government, The University of North Carolina at Chapel Hill), January 2008, § 4.1., at 45. Professor Saxon also specifically states that "[t]he respondent's next of kin or other interested persons may become parties to a pending guardianship proceeding by filing an application for the appointment of a guardian for the respondent pursuant to G.S. 35A-1210[.]" *Id.* § 4.1(E.), at 47. In the present case, Mr. Winstead filed an application for letters of general guardianship for Mrs. Winstead, seeking to be appointed as her general guardian. We hold that Mr. Winstead was therefore a party to the guardianship proceedings.

We further hold that Mr. Winstead was aggrieved by the appointment of Donna King, rather than himself, as Mrs. Winstead's general guardian. Accordingly, Mr. Winstead had standing to appeal the order on application for appointment of guardian. We remand the matter to the Superior Court for reinstatement of Mr. Winstead's appeal and for other proceedings consistent with this opinion.

Reversed and remanded.

Judges HUNTER and BRYANT concur.