**IN RE OFFICIALS OF KILL DEVIL HILLS POLICE DEP'T**

[223 N.C. App. 113 (2012)]

IN THE MATTER OF COMPLAINTS AGAINST OFFICIALS OF KILL DEVIL HILLS
POLICE DEPARTMENT

No. COA12-398

(Filed 16 October 2012)

## 1. Jurisdiction—subject matter—orders—no action filed— sua sponte

The trial court lacked jurisdiction to enter orders where there was no action filed by any person or body, other than the trial court itself. The trial court acted beyond its jurisdiction in issuing the orders, *sua sponte*, against petitioner.

## 2. Courts—inherent authority—orders—no action filed

The trial court lacked the inherent authority to enter an order where the trial court lacked jurisdiction because there was no action filed by any person or body, other than the trial court itself.

## 3. Constitutional Law—due process—orders—no notice or opportunity to be heard

The trial court's order deprived petitioner of its due process rights where the trial court, of its own volition, issued an order against petitioner, without providing notice or opportunity to be heard.

## 4. Courts—mandamus power— no authority—lack of jurisdiction—no hearing—attempt to compel action

The trial court lacked the authority to enter an order under its *mandamus* power where the court lacked jurisdiction, held no hearing upon proper notice, and attempted to compel a specific course of action, usurping control of petitioner's personnel decisions.

Appeal by petitioner from order entered 19 January 2012 by Judge Milton F. Fitch, Jr. in Dare County Superior Court. Heard in the Court of Appeals 12 September 2012.

*Cranfill Sumner & Hartzog, LLP, by Dan M. Hartzog, Dan M. Hartzog, Jr., and Jaye E. Bingham-Hinch for appellant.*

*No appellee brief filed.*

STEELMAN, Judge.

The trial court lacked jurisdiction to usurp the personnel policies of the Town of Kill Devil Hills. The order entered by the trial court was not within the scope of its inherent authority. The entry of the order without notice or hearing was a violation of due process. The entry of the order was beyond the scope of the trial court's mandamus authority.

## I.  Factual and Procedural History

The factual background in this case is derived from petitioner's Amended Petition for Writ of Supersedeas, dated 23 January 2012.

The son of the Honorable Jerry R. Tillett, Senior Resident Superior Court Judge for the First Judicial District, had an encounter with one or more Kill Devil Hills police officers. No charges were filed. Shortly thereafter, Judge Tillett expressed to Shawn Murphy, Assistant Town Manager of Kill Devil Hills ("Murphy"), and to the Kill Devil Hills Chief of Police, his concerns about the operation of the Kill Devil Hills Police Department. On 11 September 2011, Judge Tillett issued an order that certain personnel files, including those of Murphy and the Chief of Police, be delivered to his office ("first order"). There was no pending court action which gave rise to this order. After conferring with the Town Attorney, the Town Manager's office complied with the first order.

The Chief of Police requested a copy of the first order, and was informed that all copies were to be returned to Judge Tillett and none retained. Judge Tillett permitted one copy of the first order to be retained, provided that it was kept in a sealed envelope not to be opened without his permission.

In September 2011, the Town of Kill Devil Hills ("petitioner") was informed that the District Attorney would file a petition seeking the removal of the Chief of Police, and that the filing of this petition was "imminent." No petition was filed as of the filing of the Amended Petition for Writ of Supersedeas. In that same month, the Chief of Police was placed on non-disciplinary, paid suspension. During this leave, the Town reviewed his performance. On 23 December 2011, the Chief of Police was reinstated to active duty.

On 19 January 2012, the trial court entered an order in Dare County Superior Court, styled as "In the Matter of Complaints Against Officials of Kill Devil Hills Police Department" and a file number of 12-R-8 ("second order"). This order stated that "numerous complaints have been received alleging improper conduct and/or conduct preju-

dicial to the Administration of Justice against the Kill Devil Hills police chief and/or other Kill Devil Hills Town officers having supervisory authority over the Kill Devil Hills Police Department." It further stated that the first order of Judge Tillett "was not entirely complied with in a timely manner." (Emphasis in original)

The second order directed that "any Kill Devil Hills Department employee may present any complaint, grievance or appeal involving the Police Department or conduct, disciplinary action or employment to the Senior Resident Superior Court Judge [Judge Tillett]. . . [who will] address any complaint, grievance or appeal as legally appropriate." The order further required that "[a]ny petition or other filing addressing these issues made by the District Attorney or his staff shall be presented to the office of the Senior Resident Superior Court Judge of Judicial District One." Petitioner has not implemented the new policies set forth in the second order.

On 20 January 2012, petitioner filed notice of appeal. On 20 January 2012, petitioner filed a Petition for Writ of Mandamus or Prohibition, Petition for Writ of Supersedeas, Motion for Temporary Stay and for Additional Time to Brief the Issues. On 23 January 2012, petitioner filed an Amended Petition for Writ of Mandamus or Prohibition, Petition for Writ of Supersedeas, Motion for Temporary Stay and for Additional Time to Brief the Issues. We dismissed the 20 January motion as moot, and denied the 23 January Motion for Temporary Stay and Petition for Writ of Mandamus or Prohibition. On 13 February 2012 this Court granted the Amended Petition for Writ of Supersedeas.

## II. Jurisdiction

Petitioner contends that the trial court lacked jurisdiction to enter the second order. We agree.

### A. Standard of Review

"[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo*." *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004) (citing *Harper v. City of Asheville*, 160 N.C. App. 209, 585 S.E.2d 240, 243 (2003)).

### B. Analysis

"A court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party pre-

sents the controversy to it, and then, only if it is presented in the form of a proper pleading. Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question." *In re Transp. of Juveniles,* 102 N.C. App. 806, 808, 403 S.E.2d 557, 558 (1991) (citations omitted). Where no action or proceeding has been commenced and is not pending before the court, jurisdiction does not exist. *Id.* at 807-808, 403 S.E.2d at 558-559.

In the instant case, there was no action filed by any person or body, other than the trial court itself, which preceded the second order, or indeed which preceded the first order. There was no pending litigation or controversy. The trial court acted beyond its jurisdiction in issuing both orders, *sua sponte,* against petitioner.

### III. Inherent Authority

[2] Petitioner next contends that the trial court lacked the authority to enter the second order under its "inherent authority." We agree.

"Courts have the inherent power to do only those things which are reasonably necessary for the administration of justice *within the scope of their jurisdiction." Id.* at 808, 403 S.E.2d at 559 (emphasis original).

In the instant case, the trial court's second order, citing *In re Alamance Cty. Court Facil.,* 329 N.C. 84, 100, 405 S.E.2d 125, 133 (1991), noted that "[t]he Judiciary must exercise its inherent power to preserve the efficient and expeditious administration of justice and protect it from being destroyed." Nonetheless, this "inherent power" applies only to those actions that the court takes within the scope of its jurisdiction. As previously stated, the trial court lacked jurisdiction over this matter, due to the fact that it was not pending before the court. The trial court improperly exercised its "inherent power."

### IV. Due Process

[3] Petitioner next contends that the trial court's order deprived petitioner of its due process right to notice and an opportunity to be heard. We agree.

"No procedure or practice of the courts . . ., even those exercised pursuant to their inherent powers, may abridge a person's substantive rights." *Alamance Cty. Court Facil.,* 329 N.C. at 107, 405 S.E.2d at 137. Further,

[I]n order that there be a valid adjudication of a party's rights, the latter must be given notice of the action and an opportunity to assert his defense, and he *must be a party to such proceeding.* [A]ny judgment which may be rendered in . . . [an] action will be wholly ineffectual as against [one] who is not a party to such action. The exercise of the court's inherent power to do what is reasonably necessary for the proper administration of justice must stop where constitutional guarantees of justice and fair play begin.

*Id.* at 107-108, 405 S.E.2d at 137-38 (citations omitted) (emphasis original). "The instant that the court perceives that it is exercising, or is about to exercise, a forbidden or ungranted power, it ought to stay its action, and, if it does not, such action is, in law, a nullity." *Id.* at 108, 405 S.E.2d at 138 (citations omitted).

In *Alamance Cty. Court Facil.*, the superior court judge conducted a hearing "to make inquiry as to the adequacy of the [Alamance County] Court facilities[.]" *Id.* at 89, 405 S.E.2d at 126. He ordered five County Commissioners be served with notice of the proceedings, yet struck down their motions to dismiss, "stating that the movants were not parties to the action and thus were without standing." *Id.* at 89, 405 S.E.2d at 127. Our Supreme Court held that the superior court exercised "forbidden or ungranted power" that "is, in law, a nullity." *Id.* at 108, 405 S.E.2d at 138. The Court noted that

A more reasonable, less intrusive procedure would have been for the court, in the exercise of its inherent power, to summon the commissioners under an order to show cause why a writ of mandamus should not issue, which order would call attention to their statutory duty and their apparent failure to perform that duty. If after hearing it was determined that the commissioners had indeed failed to perform their duty, as the court determined in the case before us, the court could order the commissioners to respond with a plan—perhaps in consultation with such judicial personnel as the senior resident superior court judge, the chief district court judge, the district attorney, the clerk, or other judicial officials with administrative authority—to submit to the court within a reasonable time. Such a directive would be a judicious use of the court's inherent power without either seizing the unexercised discretion of a political subdivision of the legislative branch or obtruding into the constitutional hegemony of that branch.

*Id.* at 106-107, 405 S.E.2d at 137. The Court concluded that "[b]ecause the commissioners were not parties to the action from which the order issued, they are not bound by its mandates." *Id.* at 108, 405 S.E.2d at 138.

In the instant case, no hearing was conducted, nor was any action commenced against petitioner. No notice was given to petitioner. The trial court, of its own volition, issued an order against petitioner, without providing notice or opportunity to be heard. The trial court's actions were therefore in violation of petitioner's due process rights, and were a nullity.

### V. Mandamus Power

**[4]** Petitioner finally contends that the trial court lacked the authority to enter the second order under its mandamus power. We agree.

Writs of mandamus may be issued to order "officials to perform their constitutional or statutory duty." *Id.* at 104, 405 S.E.2d at 135. A writ of mandamus

[I]s the proper remedy to compel public officials . . . to perform a purely ministerial duty imposed by law, where it is made to appear that the plaintiff, being without other adequate remedy, has a present, clear, legal right to the thing claimed and it is the duty of the respondents to render it to him.

But as a general rule, the writ of *mandamus* may not be invoked to review or control the acts of public officers and boards in respect to matters requiring and depending upon the exercise of discretion. In such cases *mandamus* lies only to compel public officials to take action, but ordinarily it will not require them, in matters involving the exercise of discretion, to act in any particular way.

*Hamlet Hosp. & Training Sch. For Nurses v. Joint Comm. On Standardization,* 234 N.C. 673, 680, 68 S.E.2d 862, 867-868 (1952) (citations omitted). Under the mandamus power

[A] court of competent jurisdiction may determine in a proper proceeding whether a public official has acted capriciously or arbitrarily or in bad faith or in disregard of the law. And it may compel action in good faith in accord with the law. But when the jurisdiction of a court is properly invoked to review the action of a public official to determine whether he, in choosing one of two or more courses of action, abused his discretion, the court may

not direct any particular course of action. It only decides whether the action of the public official was contrary to law or so patently in bad faith as to evidence arbitrary abuse of his right of choice. If the officer acted within the law and in good faith in the exercise of his best judgment, the court must decline to interfere even though it is convinced the official chose the wrong course of action. The right to err is one of the rights—and perhaps one of the weaknesses—of our democratic form of government.

*Alamance Cty. Court Facil.*, 329 N.C. at 106, 405 S.E.2d at 136 (citation omitted).

In the instant case, the trial court did not comply with the procedures described above. The court lacked jurisdiction. The court held no hearing upon proper notice. And the court attempted to compel a specific course of action, usurping control of petitioner's personnel decisions. In doing so, it exceeded the scope of its mandamus power.

## VI.  Conclusion

For the foregoing reasons, the order of the trial court, captioned "In the Matter of Complaints Against Officials of Kill Devil Hills Police Department" with file number of 12-R-8, is vacated.

VACATED.

Judges HUNTER, Robert C., and BRYANT concur.